IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH, INC.,

             Plaintiff,                     Case No. 10-CV-12813

-vs-                                     Hon. Robert H. Cleland

DANY BAJOCKA and
D CLOTHING,

             Defendants.

---

## DEFENDANTS DANY BAJOCKA AND D CLOTHINGS' RESPONSE TO PLAINTIFF COACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COME Defendants, Dany Bajocka and D Clothing, by and through their counsel, Joseph A. Niskar, by Joseph A. Niskar, P.C., and hereby responds to Plaintiff's Motion for Partial Summary Judgment which Plaintiffs filed pursuant to Fed. R. Civ. Pro. Rule 56.  In support of their Response, Defendants state as follows:

1.  There are genuine issues in dispute as to the material facts in connection with Plaintiff's claim for liability.

2.  Plaintiffs are not entitled to summary judgment against Defendant Dany Bajocka, individually, where there is a genuine issue of fact regarding whether Dany Bajocka was a personal force behind the defendant corporation's alleged infringement.

3.  There is a genuine issue of material fact regarding whether a likelihood of confusion between the goods allegedly sold by Defendant D & N Clothing and

1

those bearing the Coach mark.

4. There is a genuine issue of material fact regarding whether the marks designed by Coach are identical and/or substantially indistinguishable from the marks found on the goods allegedly sold by D & N Clothing.

5. The declaration of Tiffany Walden, and exhibits offered by Plaintiff Coach, is neither made on personal knowledge nor admissible in evidence under the "business records" exception as there are multiple levels of unexcited Hearsay. F.R.E. 803 (6).

WHEREFORE, Defendants DANY BAJOCKA and D & N CLOTHING respectfully request this Honorable Court to enter an order denying Plaintiff's Motion for Partial Summary Judgment on the issue of liability. In addition, Defendants ask for any other just and proper relief this Court deems appropriate.

Respectfully submitted,

JOSEPH A. NISKAR, P.C.

By: /s/ Joseph A. Niskar
Joseph A. Niskar (P55538)
Attorney for Defendants
2500 Buhl Building
535 Griswold Street
Detroit, MI 48226
313-963-6320
niskarlaw@gmail.com

DATED: May 11, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH, INC.,

       Plaintiff,                                  Case No. 10-CV-12813

-vs-                                          Hon. Robert H. Cleland

DANY BAJOCKA and
D CLOTHING,

       Defendants.

---

## DEFENDANTS DANY BAJOCKA AND D CLOTHINGS' BRIEF IN OPPOSITION TO PLAINTIFF COACH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. **Introduction:**

Motions for summary judgment should only be granted where there is no genuine issue of material fact, which is not the case here. The declaration and exhibits filed by Coach to support its Motion are insufficient to establish there are no genuine issues of fact and that Coach is entitled to judgment as a matter of law. Construing the facts alleged in the Complaint, and the supporting affidavits attached hereto in the light most favorable to the Plaintiff, must result in a denial of summary judgment. The Plaintiff shows herein that genuine issues of material fact exist as to whether Defendant Dany Bajocka, personally, knew of the sale of any infringing products by employees of D Clothing. Thus, the Defendants submit that Coach's Motion should be denied for all of the reasons, as set forth in more detail below.

3

## II. STATEMENT OF DISPUTED MATERIAL FACTS:

There are certain facts which are not in dispute. Both parties agree that Coach is in the business of making, marketing, and/or selling products such as handbags, wallets, travel cases, briefcases, planners, etc. with the "COACH" trademark incorporated into the design of the goods.

There are eight claims in this case, brought pursuant to various provisions of the Lanham Act (i.e., 15 U.S.C. §§1114, 1125), Copyright Infringement (17 U.S.C. §501), Common Law Trademark Infringement and Common Law Unfair Competition.

In Plaintiff's Motion for Partial Summary Judgment, it is contended that there are no disputed material facts regarding Coach's trademark or the alleged infringement by each Defendant separately. While it is undisputed that Coach owns and has the right to protect its marks, Defendants strongly object they are responsible for any infringing sales of counterfeit goods.

In April, 2010, D & N Clothing employed an individual by the name of "Nick" to work at the clothing store. One day in April, law enforcement officers arrived at the store and seized certain goods which were being offered for sale. Bajocka Dep.., pp. 36. Defendant Bajocka never personally saw any of the merchandise seized by the police officers. Id. at 41. None of the merchandise that was taken was ever "accused of being fake Coach products." Id. at 77.

Mr. Bajocka was "never there" at the store and "most of the time Rubin" selected the merchandise to sell at D & N Clothing. Bajocka Dep., p. 70.

4

### I. Coach's Motion For Summary Judgment Should Be Denied Because Material Facts Are In Dispute.

Pursuant to Rule 56 (c) of the Federal Rules of Civil Procedure, a motion for summary judgment may not be granted unless there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Coach bears the burden of establishing the "absence of a genuine issue as to any material fact" and, for purposes of its Motion, the facts "must be viewed in the light most favorable" to the Plaintiff.

Turning to the standard for assessing cross-motions, summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b). A genuine issue of fact exists when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome if the substantive law renders them so. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). If the moving party carries its burden, the party opposing summary judgment "may not rest upon mere allegations or denials," rather the opposing party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e). The Court must draw all ambiguities and inferences in favor of the plaintiffs. *See Andersen*, 477 U.S. at

5

255. However, to defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Andersen*, 477 U.S. at 249-50.

Plaintiff moves for partial summary judgment on the ground that each Defendant separately infringed on the Coach mark. (Memorandum at pp. 5, 17) In support of this assertion, Coach claims that there is a presumption that the sale of counterfeit goods are likely to cause confusion. Regardless, it will be necessary to hold a trial to resolve the question of whether Dany Bajocka, individually, participated in the alleged infringing activities. .

Coach fails to introduce any evidence of Defendant Dany Bajocka personally bought, sold, marketed or otherwise played a moving and active force behind any infringement by the corporation. Additionally, there is no record evidence to support the Plaintiff's contention that any profit from the sale of counterfeit goods went directly to Mr. Bajocka. Thus, Mr. Bajocka is not personally liable for trademark infringement regardless of the Court's disposition of the motion for summary judgment against the Defendant corporation.

6

## II. The Declaration And Exhibits Are Insufficient To Grant
## Summary Judgment

Pursuant to Fed. R. Civ. P. 56(e)(1), an "affidavit must be made upon personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." The Declaration of Tiffany Walden lacks specificity to establish that she has personal knowledge of the assertions she makes. In her signed declaration, Walden states that she has only been in the employ of Coach, Inc. for approximately 14 months.

Walden's declaration does not properly authenticate the attached exhibits, and they should not be swept into evidence under the "business records" exception to the Hearsay Rule. See F.R.E. 803 (6). Similarly, the exhibits attached to the declaration of Darryl Henry also run afoul of the Hearsay Rule and should not be considered for purposes of deciding these motions. Any doubt about the admissibility of these documents under the Federal Rules of Evidence should be resolved in favor of the Defendants and the Motion should be denied.

### III.   Conclusion

For all of the above stated reasons, Plaintiff's Motion for Partial Summary Judgment should be denied.

7

Respectfully submitted,

JOSEPH A. NISKAR, P.C.

By: /s/ Joseph A. Niskar
Joseph A. Niskar (P55538)
Attorney for Defendants
2500 Buhl Building
535 Griswold Street
Detroit, MI 48226
313-963-6320
niskarlaw@gmail.com

DATED:   May 11, 2011

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing all parties of record.


/s/ Joseph A. Niskar
Joseph A. Niskar