**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

COACH, INC., and COACH SERVICES, INC.,

     Plaintiffs,

v.                                                    Case No. 10-12813

D & N CLOTHING, INC., and DANY BAJOCKA
d/b/a "'D' CLOTHING,"

     Defendants.
                                            /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

     Pending before the court are cross-motions for summary judgment filed by Plaintiffs Coach, Inc., and Coach Services, Inc., (collectively "Coach") and by Defendants D & N Clothing and Dany Bajocka. On July 16, 2010, Plaintiffs brought suit against Defendants, alleging violations of trademark and copyright law through the unauthorized use of their marks. Following the close of discovery, Defendants moved for summary judgment on March 7, 2011. On April 20, 2011, Plaintiffs filed a joint response and motion for partial summary judgment on Defendants' liability. Defendants responded to Plaintiffs' motion on May 12, 2011, and Plaintiffs replied on May 25, 2011. Having reviewed the briefs and exhibits, the court concludes that no hearing on the motions is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendants' motion and grant Plaintiffs' motion in part.

## I. BACKGROUND

To sell its products, Coach relies upon the strength of its stable of trademarks relating to its eponymous mark, COACH. Defendant Bajocka owned Defendant D & N Clothing, which in turn operated a retail business under the name D Clothing selling Plaintiffs' merchandise—or so it appeared. In fact, a test purchase of a bag from D Clothing revealed that the design appearing on the merchandise of Defendants' carriage was not a proper COACH. On April 8, 2010, Darryl Henry entered D Clothing and purchased several items, amongst which was a handbag bearing several COACH marks. (Pl. Mot. Ex. B ¶ 4.) In doing so, Henry was acting as an employee of Recon Management Group, LLC, which Coach had hired to investigate infringement of its marks. Based upon his experience, Henry decided the merchandise was counterfeit. (Pl. Mot. Ex. B ¶ 7.) On April 13, 2010, Henry informed the Detroit Police Department of the counterfeit products, and 132 items bearing the COACH mark were seized from the store. Additional items bearing the marks of other manufacturers were likewise seized.

On July 16, 2010, Plaintiffs brought suit against Defendants. Defendants first moved for summary judgment on the grounds that Plaintiffs have no admissible evidence. At this stage, Plaintiffs have moved only for partial summary judgment on the issue of Defendants' liability, reserving damages issues for a later point. In support of their case, Plaintiffs have presented affidavits based upon personal knowledge and documentary evidence of the test purchase of Henry. (Pl. Mot. Exs. A & B.) Plaintiffs have also presented the court with the deposition transcript of Defendant Bajocka. (Pl. Mot. Ex. D.) Defendants have presented only a general denial of the claims and a generic statement of the standard of summary judgment. (Def. Mot. 4–6.) Defendants

also, inexplicably, contend that affidavits and photographic evidence are inadmissible. (Def. Resp. 7.)

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Once the moving party has made that showing, the nonmoving party cannot rest on its pleadings, but must identify specific facts that can be established by admissible evidence that demonstrate a genuine issue for trial." *Highland Capital, Inc. v. Franklin Nat. Bank*, 350 F.3d 558, 564 (6th Cir. 2003).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate

when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original) (citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III. DISCUSSION

The analysis must begin with a consideration of the evidence presented by Plaintiffs. First, the affidavit of investigator Henry appears to be made upon personal knowledge acquired through his own participation in the events described. (Pl. Mot. Ex. B ¶ 4.) The Henry affidavit further authenticates the depictions of the handbag he purchased. (Pl. Mot. Ex. B ¶ 5.) Defendants have presented no evidence—nor even argument—to contradict this facially valid affidavit. Similarly, Coach employee Tiffany Walden's declaration states that she has personally inspected the test purchase handbag and found it to mimic genuine Coach merchandise. (Pl. Mot. Ex. B ¶ 17.) Defendants have offered the conclusory statement that she had been employed by Coach only beginning in or around February 2009. (Def. Resp. 7.) As the test

purchase and later seizure both occurred in April 2010, the court fails to discern any relevance in Defendants' statement. Therefore, both the affidavit of Henry and the declaration of Walden present evidence that could be presented to a jury by testimony at trial, which could further permit a reasonable jury to find for Plaintiffs. In contrast, Defendant has presented no evidence upon which a reasonable jury could find that no infringement occurred. Therefore, Defendants' motion must be denied.

For the same reasons, Plaintiffs' motion must be granted with respect to Defendant D & N Clothing on Counts I–II for violations of the Lanham Act, 15 U.S.C. § 1051, *et seq.* Plaintiffs appear not to move for partial summary judgment on liability under Counts III–VIII, as these counts are not mentioned within the motions or briefs. Indeed, Plaintiffs argue only for summary judgment on Defendants' liability under 15 U.S.C. § 1114. Counts I–II allege trademark counterfeiting and infringement by Defendants. In relevant part, § 1114 provides:

> Any person who shall, without the consent of the registrant . . . use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1). Plaintiffs have presented uncontested evidence sufficient to establish the existence of numerous COACH trademarks registered with the United States Patent and Trademark Office prior to 2010. (Pl. Mot. Ex. A ¶ 5.) "The touchstone of liability under § 1114 is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 515

(6th Cir. 2007) (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 280 (6th Cir. 1997)). Where, as here, the infringing products are counterfeits, likelihood of confusion may be presumed. *General Motors Corp. v. Autovation Technologies, Inc.*, 317 F. Supp. 2d 756, 761 (E.D. Mich. 2004). Upon the evidence presented, and in a light most favorable to Defendants, there can be no doubt that the infringing merchandise is "counterfeit" — defined by the Lanham Act as "a spurious mark which is identical with, or indistinguishable from, a registered mark." 15 U.S.C. § 1127. Nor can there exist any question regarding whether the counterfeit marks were used in commerce by D Clothing. Therefore, Coach has established the liability of D & N Clothing under § 1114.

The same cannot be said of the personal liability of Bajocka. An individual corporate officer, director, owner, or employee can be liable for trademark infringement by the corporation where the individual is either personally involved in the infringement or is willfully blind to infringing activity. *See Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 478-79 (7th Cir. 2007). First, a corporate officer is liable for his own tortious acts, even if done for the benefit of the corporation. *See In re Interstate Agency, Inc.*, 760 F.2d 121, 125 (6th Cir. 1985); *A&M Records, Inc. v. M.V.C. Distrib. Corp.*, 574 F.2d 312, 315 (6th Cir. 1978). Although there is evidence indicating personal involvement, there is also evidence to support a jury determination that Bajocka was not personally involved in the infringement. Plaintiffs have established that Bajocka owned D Clothing, that he benefitted from its infringement (at least with respect to the sale of one handbag), and that he personally ordered some merchandise. (Pl. Mot. Ex. D 42-43, 69-70, 81.) However, this does not prove that any reasonable juror must necessarily

find that Bajocka was directly involved in the sale of infringing merchandise. Defendant's deposition indicates that an employee named "Rubin" made substantially all of the purchases for D Clothing. (Pl. Mot. Ex. D, 69-70.) Although most business owners may be expected to take an active role in the affairs of their wholly-owned corporations, Bajocka's deposition provides minimally sufficient grounds for a jury finding that he may not have been so diligent. Defendant declared that his daily visits to the store were primarily for the purpose of collecting the day's receipts. (Pl. Mot. Ex. D, 74-75.) He further stated that he neither knew nor cared what the signs in the store windows advertised. (Pl. Mot. Ex. D, 27.) Crucially, Plaintiffs have presented no evidence that Bajocka personally ordered any Coach merchandise, authentic or counterfeit. The court cannot say that any reasonable jury must necessarily find personal involvement based upon the evidence presented. Viewed in the light most favorable to Defendants, an employee known only as "Rubin" may have made all purchases of the infringing merchandise without Bajocka's involvement. It is not the province of the court to decide questions of credibility or weigh conflicting evidence.

Second, Defendants have similarly presented sufficient evidence to survive summary judgment on the claim of Bajocka's willful blindness. "'[O]strich-like' business practices amount to willful blindness, which is sufficient to show [the] intent necessary to be a contributory infringer" under the Lanham Act. *Microsoft Corp.*, 249 F. App'x at 479. As above, however, Bajocka has presented evidence upon which a rational juror could find that he did not remain willfully ignorant of his business's purchase and sale of counterfeit merchandise. Despite Defendant's statements that he was personally in the store every day, it is not inconceivable that Defendant was so wholly ignorant of the

7

apparel industry that he could have failed to suspect any trademark infringement.  Given his testimony that he was at least aware of purchases of merchandise from several individuals known only by their first names—one of whom did business out of "a van"—this scenario is exceedingly unlikely.  (Pl. Mot. Ex. D, 53-54.)  But it remains true that a jury could believe both Bajocka's testimony that he was "never there" so as to discover the nature of the goods being sold and Bajocka's other testimony that he was "in and out every day" to collect the day's receipts.  (Pl. Mot. Ex. D, 70 & 74.)  Whatever the court thinks of the inherent inconsistencies in Bajocka's statements, a jury must be allowed to sort them out.  Therefore, Plaintiffs' motion for partial summary judgment must be denied to the extent it seeks a determination that Bajocka is personally liable.

## IV.  CONCLUSION

IT IS ORDERED that Defendants' motion for summary judgment [Dkt. # 25] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion for partial summary judgment [Dkt. # 30] is GRANTED IN PART in that Defendant D & N Clothing is liable for trademark infringement under Counts I–II of the complaint and DENIED IN PART to the extent it seeks to establish the liability of Defendant Dany Bajocka and to the extent it seeks to establish liability under Count III–VIII of the complaint.

                                             s/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated:  July 11, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 11, 2011, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-12813.COACH.Partial.SJ.nkt.2.wpd